JONES v. ATLANTIC COAST LINE R. R.

1. Appeal—Magistrate.—Finding by Circuit Court that there is no evidence to support a judgment of magistrate as to one cause of action, cannot be reviewed on appeal.

2. JUDGMENT—VERDICT—NEW TRIAL.—When a general verdict is given
by a magistrate on a complaint stating two causes of action, there
being no means of ascertaining how it was apportioned, upon finding
by the Circuit Judge that there was no evidence to support the ver-
dict under the second cause of action, it is proper to order a new
trial.

Before GARY, J., Sumter, July, 1903.    Affirmed.

Action in magistrate court by Swinton, P. Jones against
Atlantic Coast Line Railroad.    From Circuit order revers-
ing judgment of magistrate, plaintiff appeals.

*Mr. L. D. Jennings,* for appellant, cites: *As to right of
plaintiff to recover vindictive damages:* 8 Ency., 2 ed., 553;
53 S. C., 210; 64 S. C., 49; Code of 1902, 2134; 35 S. C.,
501, 384; 56 S. C., 93; 60 S. C., 49; 61 S. C., 357.

*Mr. Mark Reynolds,* contra, cites: *No evidence of wilful-
ness, &c.:* 64 S. C., 424; 40 S. C., 524; 25 S. C., 71; 18 S.
E., 1; 32 S. C., 592.    *Trial Judge cannot refer a general
verdict to either of two causes of action:* Thomp. on Trials,
sec. 2640; 62 S. C., 17; 59 S. C., 270; 57 S. C., 289; 63
S. C., 467.    *Plaintiff has no cause of action:* 143 Mass., 243;
7 Hill, 47; 123 U. S., 61; 8 Am. Neg. R., 48; 2 Id., 460.

November 24, 1904.    The opinion of the Court was de-
livered by

MR. JUSTICE JONES.    This was a suit in a magistrate
court in Sumter County for damages, and resulted in a ver-
dict and judgment in favor of plaintiff for forty dollars.    On
appeal therefrom the Circuit Court granted a new trial in
the following order:

"This case, which was tried before a magistrate without a
jury, came up on exceptions to the rulings of the magistrate,
and his judgment in favor of the plaintiff for the sum of
forty dollars.    The complaint states two causes of action and
the magistrate rendered a general verdict, not stating upon

which cause of action or how the same was to be apportioned. After hearing all the testimony and the arguments *pro* and *con*, I find and conclude that there is no evidence to sustain the second cause of action in said complaint, and it being impossible to apportion the verdict or to ascertain upon which cause of action the same was based, or its component parts referable, it is ordered, that the judgment of the said magistrate be, and the same is hereby, reversed, and a new trial granted. *Lampley* v. *Atlantic Coast Line R. R. Co.,* 63 S. C., 462."

The complaint sought to recover damages (1) In the sum of $67.70 for loss of a box containing tools and material for repairing watches, clocks and sewing machines, and (2) in the sum of $30 for failing to stop the defendant's passenger coach at Mayesville station, in Sumter County, so that plaintiff might reboard the same as passenger, he being a passenger from Lynchburg, S. C., to Sumter, S. C., and having got off near Mayesville, an intermediate station, to attend to some business, on the statement and assurance of the conductor that there would be sufficient time, and that the passenger coach would be pulled up to and stop at the station proper for passengers. It is excepted, substantially, that the Circuit Court erred:

"1. In finding that there was no testimony to sustain the second cause of action; whereas, there was sufficient testimony to sustain said cause of action.

"2. Because there being sufficient evidence to sustain the first cause of action, which was for a sum greater than the verdict, the verdict should have been referred to and sustained under the first cause of action.

"3. In granting a new trial, where the verdict was supported by the greater weight of the evidence."

The exceptions must be overruled. This Court has no jurisdiction to review the findings of fact by the Circuit Court in a law case heard by that Court on appeal from a magistrate's court. *Dedfearn* v. *Douglass,* 35 S. C., 569.

The Circuit Court having found that the evidence was not sufficient to sustain the second cause of action, it was competent to order a new trial thereon. The verdict in this case having been a general one, and there being no means to ascertain in what manner the verdict should be apportioned, it was proper to order a new trial as to both causes of action. *Lampley* v. *R. R. Co., supra.*

The judgment of the Circuit Court is affirmed.